| | |
|---|---|
| 1 | **WO** |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jay Kennedy Johari, et al., | No. CV-17-00095-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

Plaintiff Jay Kennedy Johari, manager and operator of a bar in Tempe, Arizona, alleges that, on three occasions, Defendants, who are the City of Tempe and three members of the Tempe Police Department, "specifically targeted Johari based on an institutional grudge [Defendants] harbor[] against him." (Doc. 1). During the July 20, 2018, Interim Status Conference, the Court discussed the parties' anticipated motions for summary judgment. In doing so, the Court informed the parties that, prior to filing a motion for summary judgment, they should prepare a proposed statement of undisputed facts in support of their motion and share it with the opposing party to determine whether the facts included are, in fact, undisputed. The Court stated that, if the parties could not agree and the facts were disputed, then the case would be set for trial. (July 20, 2018, Hr'g Tr.).

Defendants then drafted a proposed statement of "uncontested" facts, which the Court assumes counsel means are undisputed facts, and sent this to Plaintiffs for review and comment. (Doc. 70-11). In response, Plaintiffs appear to have wholly rejected

Defendants' statement of facts and submitted their own, completely different statement of "undisputed facts." (Docs. 70-11; 70-12). After further correspondence between the parties, they failed to produce an agreed-upon statement of undisputed facts, as ordered by this Court and which is the only filing the Court can consider on a Rule 56 motion for summary judgment.

The colloquy with counsel and instructions of the Court, during the July 20, 2018, Interim Status Conference, included the following:

1. Mr. Dichter: So I'm confident that working together we can get a basic set of facts that would be those – I don't know exactly what his motion's going to raise until I see it.

    The Court: Okay.

    Mr. Dichter: So I'm sure we can do that.

2. The Court to Mr. Niederbaumer: You're going to need to set forth what you believe to be the undisputed facts first on each of the issues. And then your position would be as a matter of law based upon those undisputed facts you're going to win on this legal issue. [ . . . ]

    Mr. Niederbaumer: [ . . . ] I will agree with Mr. Dichter that the facts are the facts. I just think when we apply the particular law to it, we just come down on different positions on what the law should read on those facts.

    The Court: Okay.

    Mr. Niederbaumer: [ . . . ] So I don't believe there are really any facts that are in dispute as to – that have been developed, but I do believe that there's a difference of opinion as to how the law should be applied to those.

    The Court: That's what I'm hearing from both of you.

3. The Court: I will tell you as I tell everyone, do not file a Motion for Summary

1 | Judgment and a response where there are disputed issues of fact.

4. The Court: I'm going back to what I ordered. You are to resolve whether or not the facts are disputed. And you are – I am going to order – I don't want to see a statement of facts on these issues which are supposedly legal issues which are disputed.

(July 20, 2018, Hr'g Tr.).

Obviously, from the papers this Court received, the parties did not agree regarding which facts are relevant and undisputed. Thus, Defendants lodged their Motion for Summary Judgment, (Doc. 69), along with their statement of facts, (Doc. 70). Defendants also filed a motion for leave to file non-electronic exhibits representing video files, audio files, and digital photographs, (Doc. 71), and a motion for leave to file excess pages, (Doc. 69).

Plaintiffs do not oppose Defendants' motion for leave to file excess pages, (Doc. 72), or Defendants' motion for leave to file non-electronic exhibits. Instead, Plaintiffs now move to strike Defendants' motion for summary judgment, arguing that, because it is allegedly not supported by a mutually agreed-upon statement of undisputed facts, it violates this Court's instructions during the Interim Status Conference. (Doc. 74). For this reason, Plaintiffs also request this Court excuse Plaintiffs from filing a response to Defendants' motion for summary judgment. (*Id.*).

Plaintiffs have misunderstood the Court's instructions during the Interim Status Conference. Defendants, who indicated they were going to file a motion for summary judgment, were simply to share their statement of facts which they contend were undisputed with Plaintiffs in advance of filing their motion for summary judgment, in order to receive input from Plaintiffs' counsel and incorporate Plaintiffs' suggestions or additions accordingly. To the extent Plaintiffs still disagree with Defendants' statement of facts and/or wish to add additional undisputed facts (which is obvious), Plaintiffs may

do so in their statement of facts submitted with their response to Defendants' motion for summary judgment.

Accordingly,

**IT IS ORDERED** Defendants' motion for leave to file excess pages, (Doc. 68), is **GRANTED**. The Clerk shall file the motion, presently lodged at Doc. 69.

**IT IS FURTHER ORDERED** Defendants' motion for leave to file non-electronic exhibits, (Doc. 71), is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiffs' motion to strike, (Doc. 74), is **DENIED**.

Dated this 5th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge